# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MURRY WEEKS,**      **PLAINTIFF**

V.      NO: 4:06CV50-WAP-EMB

**DELTA CORRECTIONAL FACILITY/LEFLORE
COUNTY JAIL, RICKY BANKS (Sheriff),
"Unknown" BANKS & "Unknown" SIMPSON,**      **DEFENDANTS**

## REPORT AND RECOMMENDATION

On August 16, 2006, the *pro se* plaintiff, Murry Weeks, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is a state inmate confined at the Leflore County Jail. He lists a host of complaints including : 1) there is no due process of law; 2) plaintiff has no access to the law library; 3) food trays are stacked on each other and cold food; 4) C-Pod has leaks in some cells and mold and mildew; 5) visitation is only fifteen minutes; 6) plaintiff is housed with county and city inmates; 7) state inmates are allowed to smoke near nonsmoking facilities; 8) shower stalls have no curtains; 9) plaintiff is subjected to cruel and unusual punishment; 10) a hole in the basketball court is "an accident waiting to happen;" 11) female inmates have no privacy when showering; 12) inmates are only allowed access to a lawyer once a week; 13) inmates are not

required to wear hair nets and two gloves while serving food; 14) corrections officers don't properly process requests; and 15) corrections officers act as if they "could care less about due process of law."

As an initial matter, neither Delta Correctional Facility nor the Leflore County Jail is a proper defendant to this § 1983 action; and both should be dismissed.

Next, plaintiff's Complaint is frivolous. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhuman ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995) (internal quotations omitted). A prison official violates an inmate's rights under the Eighth Amendment only if he "1) shows a subjective deliberate indifference to 2) conditions imposing a substantial risk of serious harm to the inmates." *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir.2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)).

In this case, plaintiff has not alleged any facts sufficient to support a constitutional claim. The only claim worth mentioning is plaintiff's claim that he was denied access to the law library. At the *Spears* hearing, he testified that Defendants "Unknown" Banks and "Unknown" Simpson refused to allow him access to the law library to prepare for his criminal trial. However, plaintiff further testified that he had a court appointed attorney at the time and that the attorney is currently prosecuting an appeal of the verdict in that case. "A prisoner's constitutional right of access to courts did not obligate officials to provide him with an adequate law library where alternative means of satisfying access to courts were available." *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996). The obligation to provide access to the courts is satisfied by offering the plaintiff the assistance of counsel. *See id.* Consequently, plaintiff's claim lacks an arguable

basis in law and is frivolous. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Therefore, it is my recommendation that the entire Complaint be dismissed with prejudice as frivolous.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 17th day of August, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**